IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MONICA PORTER, | § § § | |
| Plaintiff | § § | |
| v. | § § | C. A. 17-2556 |
| LIFE INSURANCE COMPANY OF NORTH AMERICA | § § § § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Life Insurance Company of North America ("LINA") files this Notice of Removal, and would respectfully show as follows:

**Procedural Background**

1.  LINA is party to an action commenced against it by Plaintiff Monica Porter in the 190th Judicial District Court of Harris County, Texas, captioned as Cause No. 2017-43785; *Monica Porter v. Life Insurance Company of North America* (the "state action"). True copies of all process, pleadings and orders filed in the state action are attached hereto as Exhibit "A" with an index of same.

2.  LINA was served with Plaintiff's Original Petition in the state action (the "Petition") on July 27, 2017. [Exh. A-2, A-3]. Thus, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b)(1).

**Diversity Jurisdiction**

2.  Removal is proper as there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

3. Plaintiff is a former resident of Harris County, Texas, and currently a resident of Mansfield, Missouri. *See* Petition, ¶ 4.

4. Defendant Life Insurance Company of New York is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania. *See* Exhibit B: Declaration of Kellie Downey under Penalty of Perjury, ¶ 3.

5. The facts alleged in Plaintiff's Original Petition demonstrate by a preponderance of the evidence that Plaintiff's claim exceeds $75,000. The Fifth Circuit has instructed trial courts to accept diversity jurisdiction unless it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1409 (5th Cir. 1995) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). Where, as here, a case is one that has been removed from state court, the removing party may establish the amount in controversy in either of two ways: "(1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000 or (2) by setting forth the facts in controversy, preferably in the removal petition … that support a finding of the requisite amount." *See Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002).

6. In the Petition, Plaintiff seeks payment of group disability benefits under Policy No. FLK-980079 issued by LINA (the "Policy"). Petition, ¶¶ 3, 13-15. Plaintiff alleges she is entitled to payment of $1,850.00 per month. *Id.*, ¶ 19. While unclear from the pleadings, she seems to contend she is owed benefits beginning November 26, 2014. *Id.*, ¶ 17. According to the Policy terms, benefits, if owed, could be payable through the maximum benefit period of age 65. *See* Exh. B, ¶ 4. Plaintiff is currently 59 years old. *Id.*; Petition, ¶ 9. Thus, in the unlikely event Plaintiff prevailed

on her claim for long term disability benefits, she could potentially receive 10 years of benefits payments totaling $220,000.00.[1]

7.  Plaintiff alleges further that, because LINA declined to pay the requested benefits, the insurance company is liable for common law-breach of the duty of good faith and fair dealing, fraud, and alleged violations of the Texas Insurance Code and Deceptive Trade Practices Act. Petition, ¶¶ 78-96. She seeks statutory penalties, punitive damages, attorney's fees, and interest. ¶¶ 90, 98, 103, 107-112.

8.  A plaintiff who prevails on a cause of action under the Texas Insurance Code may be awarded "the amount of actual damages, plus court costs and reasonable and necessary attorney's fees," as well as statutory interest at the rate of 18% and treble damages. *See* Tex. Ins. Code. § 541.152(a)(1), (b); § 542.060. Such statutory damages, attorneys fees, and interest under the Texas Insurance Code "must be included in calculating the amount in controversy" for the purpose of diversity jurisdiction. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998). Thus, although LINA denies that Plaintiff is entitled to such relief, it is apparent from the face of Plaintiff's Petition that her claim exceeds $75,000 for purposes of diversity jurisdiction. Therefore, because Plaintiff's claim for damages potentially exceeds the jurisdictional amount, this Court may exercise diversity jurisdiction over this case.

9.  Accordingly, this matter may properly be removed by Defendant to the United States District Court for the Southern District of Texas, Houston Division.

---

[1] LINA expressly denies that Plaintiff is entitled to benefits under the Policy. However, the facts placed into controversy by Plaintiff at this time require a review of the Petition and Policy documents in order to determine whether it is facially apparent that the claim likely exceeds $75,000. *See Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002).

2466930v.1

**Notice Given**

10. Defendant has given notice of this Removal to Plaintiff and to the 190th Judicial District Court of Harris County, Texas.

WHEREFORE, Defendant Life Insurance Company of North America prays that this action be removed to the United States District Court for the Southern District of Texas, Houston Division, from the 190th Judicial District Court of Harris County, Texas.

                                              Respectfully submitted,

                                              **WILSON, ELSER, MOSKOWITZ,**
                                                  **EDELMAN & DICKER, LLP**

                                      By:    */s/ Linda P. Wills*
                                                    Linda P. Wills
                                                    State Bar No. 21661400
                                                    Linda.Wills@WilsonElser.com
                                                    909 Fannin, Suite 3300
                                                    Houston, Texas 77010
                                                    Telephone:  (713) 353-2000
                                                    Facsimile:   (713) 785-7780

                                        **ATTORNEY IN CHARGE FOR DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA**

**OF COUNSEL:**

Marjorie L. Cohen
State Bar No. 24031960
**WILSON, ELSER, MOSKOWITZ,**
  **EDELMAN & DICKER, LLP**
909 Fannin, Suite 3300
Houston, Texas 77010
Telephone: 713/353-2000
Telecopy:   713/785-7780
Marjorie.Cohen@WilsonElser.com

2466930v.1

-5-

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument was delivered to all counsel of record in accordance with the Federal Rules of Civil Procedure on this the 21st day of August, 2017.

***Via CMRRR & ECF***
Marc S. Whitehead
J. Anthony Vessel
Britney Anne Heath McDonald
MARC WHITEHEAD & ASSOCIATES,
ATTORNEYS AT LAW, LLP
5300 Memorial Drive, Suite 725
Houston, Texas 77007

                                      */s/ Linda P. Wills*_____
                                      **Linda P. Wills**

2466930v.1